UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

PATRICK HYMON,

    Petitioner,

v.                                         CASE NO. 6:14-cv-1866-Orl-31TBS
                                                 (6:13-cr-118-Orl-31TBS)

UNITED STATES OF AMERICA,

    Respondent.

## ORDER

This case involves a motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 (Doc. 1) filed by Patrick Hymon. The Government filed a response (Doc. 3) to the section 2255 motion in compliance with this Court's instructions. Petitioner was provided an opportunity to file a reply to the Government's response but did not do so.

Petitioner asserts one ground for relief. For the following reasons, Petitioner's § 2255 motion is denied.

### I. *Procedural History*

Petitioner was charged by indictment with possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), (e)(1) (Count One). (Criminal Case No. 6:13-cr-118-Orl-31TBS, Doc. 14).[1] Petitioner entered a plea of guilty before

---

[1] Criminal Case No. 6:13-cr-118-Orl-31TBS will be referred to as "Criminal Case."

Magistrate Judge Thomas B. Smith. (Criminal Case Doc. 73). Magistrate Judge Smith filed a Report and Recommendation, recommending that the plea be accepted and that Petitioner be adjudicated guilty. (Criminal Case Doc. 51). This Court accepted the plea and adjudicated Petitioner guilty. (Criminal Case Doc. 55). A sentencing hearing was conducted, and on December 19, 2013, the Court entered a Judgment in a Criminal Case, sentencing Petitioner to the minimum mandatory term of 180-months imprisonment. (Criminal Case Doc. 62).

Petitioner appealed his sentence. The Eleventh Circuit Court of Appeals affirmed. (Criminal Case Doc. 82). The Supreme Court of the United States denied certiorari review. (Criminal Case Doc. 84).

*II.   Analysis*

Petitioner contends that his sentence was improperly enhanced pursuant to the Armed Career Criminal Act ("ACCA"). He argues that his prior convictions for possession of cocaine with intent to sell and sale of cocaine respectively in case numbers 02-CF-833, 04-CF-952, 09-CF-1003, and 09-CF-1007 do not qualify as predicate offenses under the ACCA. In support of this claim, Petitioner relies on *Descamps v. United States*, 133 S. Ct. 2276 (2013), and *Donawa v. United States Att'y Gen.*, 735 F.3d 1275 (11th Cir. 2013).

"Section 2255 does not provide a remedy for every alleged error in conviction and sentencing." *Spencer v. United States*, 773 F.3d 1132, 1138 (11th Cir. 2014). "When a prisoner . . . alleges that his 'sentence was imposed in violation of the . . . laws of the

2

United States . . . or is otherwise subject to collateral attack,' 28 U.S.C. § 2255(a), a district court lacks the authority to review the alleged error 'unless the claimed error constitute[s] 'a fundamental defect which inherently results in a complete miscarriage of justice. . . .'" *Id*. (quoting *United States v. Addonizio,* 442 U.S. 178, 185 (1979)). The Eleventh Circuit Court of Appeals has concluded that a fundamental defect occurs only when the prisoner "can prove that he is either actually innocent of his crime or that a prior conviction used to enhance his sentence has been vacated. . . ." *Id*. at 1139. "When a federal prisoner, sentenced below the statutory maximum, complains of a sentencing error and does not prove either actual innocence of his crime or the vacatur of a prior conviction, the prisoner cannot satisfy the demanding standard that a sentencing error resulted in a complete miscarriage of justice." *Id.* at 1139-40.

Petitioner has not established the existence of a fundamental defect resulting in a miscarriage of justice. There is no indication that Petitioner is actually innocent of the offense or that any of the prior convictions used to enhance his sentence under the ACCA have been vacated. Thus, this Court lacks authority to review Petitioner's claim.

The Court notes that the Eleventh Circuit Court of Appeals has held that a conviction for violation of section 893.13(1) of the Florida Statutes qualifies as a "serious drug offense" under the ACCA. *See United States v. Smith,* 775 F.3d 1262, 1268 (11th Cir. 2014). In so holding, the Eleventh Circuit has rejected the argument that a lack of mens rea in the statute disqualifies such offenses from being predicate convictions under the ACCA. *Id*. Additionally, the Eleventh Circuit has indicated that the Supreme Court's

recent holding in *Johnson v. United States,* 135 S. Ct. 2551 (2015) has no bearing on predicate convictions for "serious drug offenses" under the ACCA.  *See United States v. Darling*, No. 14-14930, 2015 WL 4546175, at *3 n.5 (11th Cir. July 29, 2015) ("The Supreme Court's recent decision in *Johnson*. . . , which struck down the ACCA's residual clause as unconstitutionally vague, has no bearing on Darling's sentence because he had more than three predicate convictions for 'serious drug offenses' as defined in 18 U.S.C. § 924(e)(2)(A)(ii)."). Consequently, Petitioner's convictions for possession of cocaine with intent to sell and for sale of cocaine qualify as serious drug offenses under the ACCA.

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1.   Petitioner's motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 (Doc. 1) is **DENIED**.

2.   The Clerk of the Court shall enter judgment accordingly and is directed to close this case.

3.   The Clerk of the Court is directed to file a copy of this Order in criminal case number 6:13-cr-118-Orl-31TBS and to terminate the motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 (Criminal Case Doc. 81) pending in that case.

4.   This Court should grant an application for certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right."  28

U.S.C. § 2253(c)(2).   Petitioner has failed to make a substantial showing of the denial of a constitutional right.[2]   Accordingly, a Certificate of Appealability is **DENIED** in this case.

**DONE AND ORDERED** in Orlando, Florida, this 4th day of September, 2015.



GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies to:
OrlP1 9/1
Patrick Hymon
Counsel of Record

---

[2]Pursuant to the *Rules Governing Section 2255 Proceedings for the United States District Court*, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."   *Rules Governing Section 2255 Proceedings for the United States District Courts*, Rule 11(a).